LUVERNA B. WILDMAN, ADMX., ETC. *v.* D. K. MARCHAND ET AL.

(No. 7080)

Submitted February 24, 1932. Decided March 8, 1932.

John Shriver and *E. M. Everly*, for appellant.
*L. Arthur Barbe* and *John V. Sanders*, for appellees.

WOODS, JUDGE:

Luverna B. Wildman, as administratrix of the estate of Elizabeth A. Price, seeks to have the release of a certain vendor's lien set aside as a fraud upon her decedent's estate, and the property sold to satisfy the debt so secured. The suit was dismissed on the ground that the administratrix had no right or title to the note on which this suit is based, sufficient to enable her to bring suit thereon.

In 1921, D. K. Marchand and A. L. Hartley sold five city lots to Medard Albertazzie, retaining a vendor's lien thereon to secure payment of a $1,000.00 purchase money note. This promissory note, payable one year after date, was shortly thereafter sold to Mrs. Price for value, and properly indorsed by the payees. It showed on its face that it was secured by vendor's lien. Shortly after Mrs. Price's death in 1923, Albertazzie, in anticipation of sale, paid to the payees the $1,000.00, plus interest, and secured a written release of the lien from said payees, which paper was duly recorded. Some excuse was made for not delivering up the note at the time; and Albertazzie soon forgot about it being outstanding. He sold four of the lots in 1923, and the fifth in 1925. It appears that Mrs. Wildman, soon after her appointment as administratrix (shortly after the release was given) directed a letter to Albertazzie, as maker of the note, requesting payment thereof. This letter, which bore the adress as Morgantown, was returned unclaimed (Albertazzie not then residing in Monongalia county.) Thereupon, the administratrix approached the payees, from whom her decedent had purchased the note. According to the testimony introduced on her behalf, the administratrix was told by said payees that

they would take care of the Albertazzie note if given a little time. The matter dragged on. In December, 1925, the payees came to the home of administratrix and asked her not to insist on collection, "as Mr. Albertazzie didn't have the money to pay right at the present time." The administratrix being desirious of making final settlement of the estate, on February 17, 1926, took two $500.00 notes from the said payees as makers. One payable to Mrs. Maxon, as one of the heirs at law of Elizabeth A. Price, the other to Mrs. Wildman (sole heir of her father), the only distributees of Mrs. Price's estate. Each note bore the following notation on its face: "This note is secured vendor's lien note on certain real estate in Monongalia county, West Virginia." On the date aforesaid, Mrs. Wildman, as administratrix, filed a final settlement with the clerk of the county court, which showed a cash item of $500.00 disbursed to Mrs. Maxon and a cash item of $500.00 to Mrs. Wildman. The attorney handling the matter for the administratrix at that time attached the following notation to the $1,000.00 note, which was retained in his possession: "This note is held as collateral for the payment of two notes of even date herewith, each for $500.00, one payable to Mrs. Maxon and the other to Mrs. Wildman, payable one year from date, which notes are this day delivered to Mrs. Wildman." Neither Mrs. Wildman in her individual capacity, nor Mrs. Maxon have been able to collect on said $500.00 notes, although actions were institued for that purpose in 1930.

Has the administratrix a right to maintain suit on the $1,000.00 note under the circumstances? Defendants contend that by reason of the distribution to Mrs. Maxon and Mrs. Wildman in the manner heretofore mentioned, said administratrix thereby lost her right to sue thereon.

The final report shows that the notes were treated as cash. Mrs. Wildman's testimony is to the effect that she was anxious to get the $1,000.00 item out of the way in order that she might wind up her administration, and by reason thereof agreed to take the notes, which, so far as the record discloses, were accepted in payment by each of the distributees. A distribution vests in the legatees or distributees full and com-

plete title to the property which they receive. 24 C. J. 495. It is well settled that if all the distributees are of age and capable of acting for themselves, the final distribution may be made without an order of court, where all the parties in interest consent to it. Woerner, Adm'n., (3rd Ed.), sec. 566. If, as plaintiff contends, taking of the new notes did not effect a release of the $1,000.00 note, and the right thereunder, the distributees upon acceptance of the notes in question became entitled to such security. In other words, the distribution carried with it all existing security. If the $1,000.00 note was not delivered up, then the party in possession merely holds the same in trust for those entitled to the benefits therefrom. Assuming that said administratrix has not been technically discharged, as argued here, what part of the estate of Elizabeth A. Price remained in her hands as such? In case of her death, does anything remain to go into the hands of an administratrix *de bonis non?* To ask the question, is to answer it.

The decree must be affirmed.

*Affirmed.*